[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
Plaintiff brought this action in two counts. The first was on negligence against Rocco Sansone (Sansone). The second was against The Saint Paul Fire and Marine Insurance Company. The second count was dismissed and thus we have only one defendant and one count. Sansone filed an answer.
 FACTS
On April 30, 1997 plaintiff and Sansone entered into an Agreement under which plaintiff was to supply various building materials and Sansone was to provide the labor for work on plaintiff's residence "as per plans provided by [plaintiff] and in accordance, as a minimum, with the requirements listed in the BOCA and CABO codes with State of Connecticut Supplements . . ." The agreed price was $19,500 plus for roofing this 7,000 square foot roof "at the rate of $40 per square." A square covers 100 square feet and thus this roof needed 70 "squares" at a total cost of $2,800. There were also some claimed extras based on change orders but the court cannot find sufficient evidence to support them except $5,200 for framing the basement. CT Page 15341
Plaintiff drew up several pages of "House Plans" and gave a copy to Sansone. These plans were not done by a person licensed by this state to make such plans. No specifications were prepared.
Plaintiff complained of various deficiencies in Sansone's work and on March 11, 1998 hired Handi-Works to correct and finish the work agreed upon between plaintiff and Sansone for $7,872.92. Handi-Works did not know of the House Plans and had no other plans by which to be guided. Handi-Works had no knowledge of the Agreement between plaintiff and Sansone and did not know the details of what Sansone agreed to do under the Agreement. The Town of Avon issued a certificate of occupancy for the house in May 1998.
Plaintiff had all of the 7,000 square foot roof that had been done by Sansone torn off and replaced at a cost of about $21,000. This was not necessary as whatever problems there were with the roof could have been repaired. Defendant left the job in November, 1997 and some of his work was not done. He was called back once in regard to small insulation problems relating to his work. He went at night in November, 1997. He did that work and was never called back again.
The replacement roof used better shingles. There were no leaks in the house.
The plaintiff complained of:
1. Paper being left on back of installed shingles. This created no functional defect in the roof.
2. Improper nailing of shingles and plywood. There was none.
3. Bad installation of ventilation area. Caused no problem and posed none for future.
4. Flashing around chimney badly installed. True.
5. Lack of ice shield. It is not necessary.
6. Incorrect shingle line. Not proven as incorrect.
7. Poor ridge vents. They were not on the plan.
8. Interior of house had poor or absent room partitions. No evidence of what cost to correct. CT Page 15342
9. Missing "tails". Tails might only be needed because vinyl used and they are not part of Agreement.
The plaintiff installed vinyl where wood was to have been used. Masonry blocks were to be installed by plaintiff's mason to be support for Sansone's work. They were not installed. The plan had no crown moulding.
Under the Agreement as added to by oral agreement, by plaintiff and Sansone, the full amount to be paid Sansone on completion was $27,500. Plaintiff paid $26,450. This court cannot decipher what was the value of any work left to be done by Sansone for the chimney flashing or any other claimed deficiencies.
Judgment for defendant.
Norris O'Neill, J.